UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21-CV-61674

JORGE LUIS RODRIGUEZ,

    Plaintiff,

vs.

ALLSTATE ENTERPRISES, INC.,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Jorge Luis Rodriguez, sues Defendant, Allstate Enterprises, Inc., based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Jorge Luis Rodriguez**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2.     Plaintiff consents to participate in this lawsuit.

3.     **Defendant, Allstate Enterprises, Inc.**, is a for-profit Florida corporation that is *sui juris* and operated its business in Broward County, Florida, at all times material.

4.     This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related state law claims.

5.     Venue is proper in this Court pursuant because Defendant transacts business in Broward County, maintains its office and principal place of business in Broward County, and also

because Defendant employed Plaintiff in Broward County, with most of the actions complained of occurring within Broward County.

6. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – VIOLATION OF EPSLA
### (UNLAWFUL DISCHARGE)

Plaintiff, Jorge Luis Rodriguez, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

8. Plaintiff worked for Defendant from May 21, 2018 through December 18, 2020.

9. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are believed to be in the exclusive custody of Defendant.

10. Defendant paid Plaintiff at a rate of $25/hour as a full-time employee.

11. The Emergency Paid Sick Leave Act ("EPSLA") went into effect on April 1, 2020, and it required covered employers to provide paid sick leave to employees with one of six (6) qualifying conditions. FFCRA §5102, 5110(2).

12. Plaintiff was at all times material hereto an "employee" as the term is defined at 29 U.S.C. §203(e), and incorporated into the EPSLA at 29 C.F.R. §826.10(a).

13. Plaintiff was at all times material hereto an "eligible employee" for purposes of the EPSLA, as the term is defined at 29 C.F.R. §826.10.

14. Defendant was at all times material hereto Plaintiff's "employer" as the term is defined at 29 C.F.R. §826.10(a)(i).

2

15. Defendant was at all times material hereto either engaged in commerce, or in an industry or activity affecting commerce that employed less than 500 employees.

16. Plaintiff felt sick and took a COVID-19 test, and it came back positive, meaning that he had contracted the virus, and so was required to self-quarantine.

17. Plaintiff timely informed Defendant of his positive COVID-19 test result.

18. Defendant required Plaintiff submit two negative tests to return back to work, and he timely provided those negative test results to Defendant.

19. Plaintiff was out of work for two (2) weeks as a result of his positive COVID-19 test result, from October 26, 2020 to November 6, 2020.

20. Plaintiff returned to work on November 10, 2020.

21. Even though Plaintiff was out of work for two weeks due to having contracted COVID-19 and waiting to be able to return to work, Defendant only paid Plaintiff EPSLA sick leave wages for one of the weeks that he was unable to work. *But see* 29 C.F.R. §§826.22 and 826.25.

22. Plaintiff complained to Defendant at its failure and refusal to pay him all of the EPSLA sick leave wages to which he was entitled, but Defendant still refused to pay him.

23. Plaintiff then contacted the United States Department of Labor about Defendant's failure to pay him for the second week of COVID-19 leave pursuant to the EPSLA.

24. The United States Department of Labor contacted Defendant on Plaintiff's behalf after November 10, 2020 to address Defendant's failure and refusal to pay Plaintiff the wages to which he was entitled under the EPSLA.

25. Defendants thereafter paid Plaintiff for the second week of COVID-19 leave, but only after being contacted/prompted by the United States Department of Labor.

3

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

26. On December 18, 2019, in response to Plaintiff's complaint to it about not being paid all of the EPSLA sick leave wages to which he was entitled and in response to having to pay those wages, Defendant fired Plaintiff.

27. The stated reason given to Plaintiff was that Defendant did not have any more work for him.

28. The stated reason was false and/or pretextual.

29. Defendants are believed to have sufficient work to have kept Plaintiff employed, and are believed to have hired one or two persons to replace Plaintiff prior to the filing of this Complaint and after he requested to be paid for his second week of EPSLA leave.

30. One of the relevant provisions of the EPSLA is that, "an Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has testified or is about to testify in any such proceeding." 29 C.F.R. §826.150(a).

31. Defendant violated the EPLSA by firing Plaintiff because he requested to be paid for leave under the EPSLA (for which he should have – but was not – paid), for complaining about not being paid for the leave that he should have timely received under the EPSLA, and/or for filing a complaint or instituting a proceeding with the United States Department of Labor related to the EPSLA.

32. As a direct and proximate result of Defendant's violation(s) of the EPSLA, as set forth above, Plaintiff suffered the loss of his job, his identity, lost benefits, and suffered emotional distress.

33. Pursuant to 29 C.F.R. §826.150(2), Plaintiff seeks recovery of the wages that he

4

would have been entitled to pursuant to the EPSLA, the emotional distress and actual damages that he suffered, plus an equal amount of liquidated damages, plus his attorneys' fees and costs.

WHEREFORE Plaintiff, Jorge Luis Rodriguez, demands the entry of a judgment in his favor and against Defendant, Allstate Enterprises, Inc., after trial by jury and as follows:

a. That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, lost benefits, future lost wages and benefits, and an equal amount of liquidated damages as provided under the law and in 29 C.F.R. §826.150(b)(2) and 29 U.S.C. § 216(b) – or interest on the unpaid wages and benefits if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all damages if the Court does not award liquidated damages;

c. That Plaintiff recover for the mental anguish and distress caused by Defendants' retaliatory conduct;

d. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the EPSLA and the FLSA;

e. That Plaintiff recover all interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

## COUNT II – EFMLEA RETALIATION

Plaintiff, Jorge Luis Rodriguez, re-incorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

34. Defendant employed 50 or more employees in 20 or more workweeks in the current or previous year.

5

35. Plaintiff had an exemplary employment history with Defendant.

36. The EPSLA and EFMLEA required Defendant to pay Plaintiff for two weeks of sick leave wages after Plaintiff contracted COVID-19.

37. Plaintiff complained to Defendant that he was not paid for all of the sick leave wages to which he was entitled, but Defendant still refused to pay him.

38. Plaintiff then contacted the United States Department of Labor about Defendant's failure to pay him for the second week of COVID-19 leave as required by federal law.

39. Defendants eventually paid Plaintiff for the second week of COVID-19 leave, but fired Plaintiff shortly thereafter for complaining to the appropriate authorities about not receiving the sick leave wages to which he was entitled pursuant to the EFMLEA.

40. Defendants claimed Plaintiff was fired because they did not have any more work for him.

41. Defendants' claimed reason for terminating Plaintiff's employment is false and a mere pretext for their retaliatory actions.

42. Defendants are believed to have sufficient work to have kept Plaintiff employed, and are believed to have hired one or two persons to replace Plaintiff prior to the filing of this Complaint and after he requested to be paid for his second week of EPSLA leave.

43. The EFMLEA, at 29 C.F.R. §826.151(a), prohibits employers from taking retaliatory actions against employees who complain about the failure to receive the protections afforded by the EFMLEA.

44. The EPSLA, at 29 C.F.R. § 826.151(b), explains that an employer who violates 29 C.F.R. § 826.151(a) is also in violation 29 U.S.C. §2617 and 29 C.F.R. §825.400 of the FMLA.

6

45. Defendant violated 29 C.F.R. § 826.151(a) of the EFMLEA and 29 U.S.C. §2617 of the FMLA, and showed reckless disregard of the provisions of the FMLA and the EFMLEA concerning retaliation by taking adverse actions against Plaintiff because he complained about not getting paid the sick leave wages to which he was entitled.

46. Plaintiff has suffered damages, including lost income, benefits, and employer contributions due to Defendant's actions.

47. Plaintiff is entitled to recover liquidated damages pursuant to the FMLA.

48. Plaintiff requests recovery of his attorney's fees and costs associated with this cause of action as provided by 29 U.S.C. §2617(a).

WHEREFORE Plaintiff, Jorge Luis Rodriguez, demands the entry of a judgment in his favor and against Defendant as follows:

a. That Plaintiff recover compensatory damages for compensatory/actual damages including lost wages, lost opportunity to earn wages, future lost wages, and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §2617(a);

b. That Plaintiff recover prejudgment interest if the Court does not award liquidated damages;

c. That Plaintiff recover for the mental anguish and distress caused by Defendant's retaliatory conduct;

d. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

e. That Plaintiff recover all interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

7

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## COUNT III – FLORIDA WHISTLEBLOWER'S ACT CLAIM

Plaintiff, Jorge Luis Rodriguez, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

49. Plaintiff had an exemplary employment history with Defendant.

50. Plaintiff "perform[ed] services for and under the control and direction of an employer for wages or other remuneration," for Defendant, and so Plaintiff was an employee of Defendant at all times material, as the term "employee" is defined by Fla. Stat. §448.101(2).

51. Defendant was at all times material a "private individual, firm, partnership, institution, corporation, or association that employs ten or more persons," and so Defendant was Plaintiff's employer, as the term "employer is defined by Fla. Stat. §448.101(3).

52. Plaintiff complained to Defendant about his reasonable and good faith belief that it actually violated his EPSLA and/or EFMLEA rights by failing to pay him for a week of sick leave after he tested positive for COVID-19.

53. Plaintiff then contacted the United States Department of Labor about Defendant's failure to pay him for the second week of COVID-19 leave pursuant to the EPSLA and/or EFMLEA.

54. The United States Department of Labor contacted Defendant on Plaintiff's behalf after November 10, 2020 to address Defendant's failure and refusal to pay Plaintiff the wages to which he was entitled under the EPSLA and/or EFMLEA.

55. Within a short time thereafter, Defendant retaliated by terminating Plaintiff's employment because he complained to it and/or the United States Department of Labor about Defendant's failure to pay him sick leave wages.

56. Defendant claimed that it no longer had enough work to pay Plaintiff.

8

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

57. Defendant's claimed reason for terminating Plaintiff's employment is false and a mere pretext for its retaliatory action.

58. Fla. Stat. §448.102 makes it unlawful for an employer to retaliate against an employee who provides information to an appropriate governmental agency into an alleged violation of law, rule, or regulation by the employer.

59. Defendant violated 29 C.F.R. § 826.150(a), which prohibits retaliation against employees for reporting violations of the EPSLA.

60. Defendant showed reckless disregard of the EPSLA's provisions by terminating Plaintiff for the reason mentioned above, and thereby violated the Florida Whistleblower's Act.

61. Defendant violated 29 C.F.R. §826.151(a), which prohibits retaliation against employees for reporting violations of the EFMLEA.

62. Defendant showed reckless disregard of the EFMLEA's provisions by terminating Plaintiff for the reason mentioned above, and thereby violated the Florida Whistleblower's Act.

63. Plaintiff was damaged and suffered a loss of his benefits, seniority rights, wages, and other remuneration as a direct and proximate result of Defendant's retaliatory conduct.

WHEREFORE, Plaintiff, Jorge Luis Rodriguez, demands the entry of a judgment in his favor and against Defendant, Allstate Enterprises, Inc., after trial by jury for compensatory damages including his lost benefits, lost seniority rights, lost wages past and future, lost benefits, and other remuneration (including paid time off), reinstatement to the same or equivalent position, attorneys' fees pursuant to Fla. Stat. §448.103, costs, all interest allowed by law, and for such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jorge Luis Rodriguez, demands a trial by jury of all issues so triable.

Respectfully submitted this 12th day of August 2021.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Toussaint Cummings, Esq. (119877)
toussaint@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel:    305.230.4884
*Counsel for Plaintiff*

10

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*