**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-61674-CIV-WILLIAMS**

JORGE LUIZ RODRIGUEZ,

      Plaintiff,

vs.

ALLSTATE ENTERPRISES, INC.

      Defendant.

_____/

## <u>SCHEDULING ORDER</u>

**THIS MATTER** is set for trial during the Court's two-week trial calendar beginning on **December 5, 2022** before the Honorable Kathleen M. Williams at 400 North Miami Avenue, Courtroom 11-3, Miami, Florida.  Calendar call will be held at **11:00 a.m**. on **November 29, 2022.**  A request for a pre-trial conference must be filed at least 30 days prior to the calendar call.  Additionally, counsel are advised that all filings must comply fully with the Federal Rules of Civil Procedure, the Local Rules for the Southern District of Florida, and this Court's Practices and Procedures, which can be found at: http://www.flsd.uscourts.gov/?page_id=13071.

I.    <u>Schedule.</u>  The Parties shall adhere to the following schedule:

| | |
|---|---|
| December 1, 2021 | The Parties shall furnish lists with names and addresses of fact witnesses in accordance with Rule 26 of the Federal Rules of Civil Procedure.  The Parties are under a continuing obligation to supplement |

|  | discovery responses with ten (10) days of receipt or other notice of new or revised information. |
|---|---|
| January 7, 2022 | The Parties shall file motions to amend pleadings or join Parties. |
| March 24, 2022 | The Plaintiff shall disclose experts, expert witness summaries and reports. |
| April 1, 2022 | The Defendant shall disclose experts, expert witness summaries and reports. |
| April 14, 2022 | The Parties shall exchange rebuttal expert witness summaries and reports. |
| May 24, 2022 | The Parties shall complete all discovery, including expert discovery. |
| June 3, 2022 | The Parties shall complete mediation and file a mediation report with the Court. |
| June 24, 2022 | The Parties shall file all dispositive pre-trial motions and memoranda of law.  The Parties shall also file any |

<table>
<tbody>
<tr><td></td><td>motions to strike or exclude expert testimony, whether based on Federal Rule of Evidence 702 and <em>Daubert v. Merrell Dow Pharmaceuticals, Inc.</em>, 509 U.S. 579 (1993), or any other basis.</td></tr>
<tr><td>July 29, 2022</td><td>The Parties shall each file one motion <em>in limine</em> in accordance with Section IV below.  All motions <em>in limine</em> must be filed at least six weeks before calendar call.</td></tr>
<tr><td>August 5, 2022</td><td>The Parties shall file a joint pre-trial stipulation, exhibit lists, and witness lists in accordance with Local Rule 16.1(d) and (e) and Section V below.  The Parties shall also file proposed jury instructions and a proposed verdict form, or statement of fact and conclusions of law (for non-jury trials) in accordance with Section VI below.</td></tr>
<tr><td>August 15, 2022</td><td>The Parties shall file their deposition designations in accordance with Section VII below.</td></tr>
</tbody>
</table>

II.    <u>Mediation.</u>  Within thirty (30) days of the date of this Order, the Parties shall: select a mediator certified under Local Rule 16.2(b); schedule a time, date, and place for mediation; and jointly file a notice scheduling mediation as shown on

the Sample Form Order Scheduling Mediation found in the Forms located on the Court's website. If the Parties cannot agree on a mediator, they shall notify the Clerk in writing immediately, and the Clerk shall designate a certified mediator on a blind rotation basis.  Counsel for all Parties shall familiarize themselves with, and adhere to, all provisions of Local Rule 16.2.

The Court will <u>not</u> enter an order scheduling mediation after the notice is filed.  Instead, the Parties' notice scheduling mediation shall bind the Parties in lieu of a Court order.  **The Parties' mediation date shall not be rescheduled without leave of Court**.  The parties are responsible for ensuring that within <u>three</u> business days of the mediation, a mediation report is filed, indicating whether the case settled (in full or in part), was continued with the consent of the parties, or whether the mediator declared an impasse.

III.    <u>Motions.</u>  Strict compliance with the Local Rules is expected with regard to motion practice.  *See* Local Rule 7.1.  For example, when filing non-dispositive motions, the moving Party **shall** submit a proposed order in Word format via email to chambers at Williams@flsd.uscourts.gov.   Local Rule 7.1(a)(2).  Counsel for the moving party **must** also confer, or make a reasonable effort to confer, before filing certain motions, as required by Local Rule 7.1(a)(3).

All motions and attachments to motions are required to be filed in a text searchable format pursuant to CM/ECF Administrative Procedure 3G(5).

Strict compliance with the Local Rules is also expected with regard to motions for summary judgment.  *See* Local Rule 56.1.  For example, the moving Party must contemporaneously file a statement of undisputed material

facts, delineating by number each material fact, **supported with specific citations to the record** (Docket Entry, Exhibit, Page Number(s)).   The opposing Party must file contemporaneously with its opposition a response to the statement of material facts, which shall respond by corresponding number to each of the moving Party's statement of material facts.  Local Rule 56.1(a). The opposing Party shall state, **based on citations to the record**, whether each fact is disputed or undisputed.  If the fact is disputed, the opposing Party shall state why the dispute is a material one.  "All material facts set forth in the movant's statement . . . will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."  Local Rule 56.1(b).  These procedures shall also apply to the moving Party when responding to any additional facts set forth in the opposing Party's statement of material facts.

The Parties may stipulate to extend the time to answer interrogatories, produce documents and answer requests for admission.  The Parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, for hearing a motion, or for trial.  Such stipulations may be made only with the Court's approval.  *See* Fed. R. Civ. P. 29.  In addition to the documents enumerated in Local Rule 26.1(b), the Parties shall not file notices of deposition with the Court.

Any Party seeking to make a filing under seal shall comply with Local Rule 5.4.  The Parties cannot override the requirements of that Rule through a joint protective order.

Any party seeking to change any of the above deadlines must file a Motion to Continue or Motion for Extension of Time.  Pursuant to this Court's Practices and Procedures, "[a]bsent an emergency, requests for extensions of time must be presented to the Court, by motion, no later than 48 hours prior to the deadline from which the Parties are seeking relief.  Sanctions may be imposed for non-emergent requests made less than 48 hours prior to the deadline."  The Court will not accept notices of unavailability, and any filed will not be construed as motions to continue or otherwise operate to change the Court's schedule in any way.

IV.     Motions *in Limine*.  The Parties may each submit only **one (1)** motion *in limine* that identifies up to **ten (10)** evidentiary issues they seek to raise to the Court.  The motion may not exceed **twenty (20)** pages in length.  Each evidentiary issue must be numbered, and must specifically identify the evidence sought to be excluded or included at trial, with citations to legal authority supporting the evidentiary ruling requested.  The opposing party's responses in opposition to the motions *in limine* shall correspond with the order and with the numbering scheme used by the movant.  Any reply from the movant must also correspond with the order and numbering used in the movant's initial motion.

Prior to filing a motion *in limine*, the Parties **must** meet and confer regarding each evidentiary issue they intend to raise, and **certify** that they met and conferred in accordance with Local Rule 7.1(a)(3).  The Parties may only present those evidentiary issues that remain contested in their respective motions *in limine*.

V.   <u>Pre-Trial Stipulation, Exhibit Lists, and Witness Lists</u>.  The Parties' joint pre-trial stipulation, exhibit lists, and witness lists must be submitted in accordance with Local Rule 16.1(d) and (e).  The Parties must submit their witness lists in the format provided in Attachment A, and their exhibit lists in the format provided in Attachment B.  **The witness lists shall include only those witnesses the Parties actually intend to call at trial**.  In the description for each witness, the Party shall include a brief synopsis of the witness's testimony, the exhibits that the Party intends to introduce through the witness, and, in consultation with opposing counsel, the estimated time needed for direct and cross examination. The total estimated time for witness testimony may not exceed the Parties' estimated time for trial, as specified in the pretrial stipulation.  The exhibit lists shall identify each witness that will introduce each exhibit.  The Parties must identify each exhibit with particularity and may not include multiple documents or categories of unspecified documents as a single exhibit; composite exhibits should be identified by using the main exhibit's number and an appropriate suffix to identify the composite portions of the exhibit.

VI.  <u>Jury Instructions or Statement of Fact and Conclusions of Law (for Non-Jury Trials).</u>  Joint proposed jury instructions or statement of fact and conclusions of law (for non-jury trials) shall outline: 1) the legal elements of Plaintiff's claims, including damages; and 2) the legal elements of the defenses that are raised. The Parties shall submit proposed jury instructions jointly, though they need not agree on each and every instruction.  If the Parties do not agree on a proposed instruction, the language proposed by plaintiff shall be underlined and

the language proposed by defendant shall be italicized.  Every instruction must be supported by a citation of authority.  The Parties shall use the Eleventh Circuit Pattern Jury Instruction for Civil Cases, including the directions to counsel.  If a deviation from the Pattern is requested, the parties shall specifically provide a citation of authority supporting the deviation.  In addition to filing their proposed instructions and verdict form on the docket, the Parties shall also submit their proposed instructions and verdict form via email in Word format to chambers at Williams@flsd.uscourts.gov.

VII.    <u>Deposition Designations.</u>  For each unavailable witness, the Parties shall confer and submit a joint deposition designation.  The party offering the testimony shall select a color and highlight the pages and lines which they wish to introduce.  The non-introducing party shall then underline in red the portions of the designated testimony objected to and in the margins indicate the basis for the objection (*i.e.*, irrelevant, hearsay, etc.).  The non-introducing party shall also select a color and submit to the Court those additional pages and lines that they deem counter designated.  In turn, the introducing party shall underline in red the portions of the counter-designated testimony objected to and indicate in the margins the basis for their objection.

VIII.   <u>Settlement.</u>  If the case settles in whole or in part, counsel must inform the Court immediately by emailing chambers at Williams@flsd.uscourts.gov and promptly thereafter filing a joint stipulation of dismissal.

**DONE AND ORDERED** in Chambers in Miami, Florida on this <u>28th</u> day of October, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. XX-XXXXX-CIV-WILLIAMS**

PARTY NAME,

      Plaintiff(s),

vs.

PARTY NAME,

      Defendant(s).
_____/

**[PARTY'S] WITNESS LIST**

| PRESIDING JUDGE:<br>Hon. Kathleen M. Williams | | | | | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|---|---|---|---|
| TRIAL DATE(S): | | | | | | COURT REPORTER | COURTROOM DEPUTY |
| PLF. NO. | DEF. NO. | LIVE or BY DEPOSITION | DIRECT (est.) | CROSS (est.) | ADDRESS | DESCRIPTION OF WITNESS | EXHIBIT(S) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**ATTACHMENT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. XX-XXXXX-CIV-WILLIAMS**

PARTY NAME,

      Plaintiff(s),

vs.

PARTY NAME,

      Defendant(s).
_____/

**[PARTY'S] EXHIBIT LIST**

| PRESIDING JUDGE: Hon. Kathleen M. Williams | | | | | | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|---|---|---|---|---|
| TRIAL DATE(S): | | | | | | COURT REPORTER | COURTROOM DEPUTY |
| PLF. NO. | DEF. NO. | DATE OFFERED | OBJECTIONS | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS | WITNESS |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |